IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DONTRE JOHNSON,

    Plaintiff,

v.

UHERKA, and JARED GRADY,

    Defendants.

OPINION and ORDER

Case No. 18-cv-767-wmc

*Pro se* plaintiff Dontre Johnson, a prisoner at Waupun Correctional Institution ("Waupun"), filed this lawsuit under 42 U.S.C. § 1983, claiming that in May of 2013, defendants violated his constitutional rights during a strip search, as well as in refusing to allow him to use the bathroom. On March 25, 2021, the court granted Johnson leave to proceed against defendants Don Uherka and Jared Grady, on Eighth Amendment claims related to the strip search, but denied Johnson leave to proceed on his allegations that he had to wait to use the bathroom for approximately one hour, and then was denied toilet paper when he was eventually allowed to use the bathroom. Johnson has filed a motion seeking reconsideration of the court's decision denying him leave to proceed on an Eighth Amendment claim that he was denied toilet paper after using the bathroom. (Dkt. #19.) For the reasons that follow briefly, the court denies that motion.

OPINION

Johnson maintains that Uherka's denial of his request for toilet paper in particular supports an Eighth Amendment conditions of confinement claim, arguing that when

Uherka denied him toilet paper, he denied the basic human need of the ability to maintain personal hygiene.  However, Johnson had alleged in his amended complaint that after he used the bathroom, he was brought to a cell, and, critically, he has not alleged that he was denied toilet paper at that point.  Even construing Johnson's allegations generously, Johnson may have been without means to clean himself for an hour or two.  Such a short period of time being denied access to toilet paper does not subject a prisoner to constitutionally infirm conditions of confinement.  Indeed, the Court of Appeals for the Seventh Circuit has held that prisoners who went multiple *days* without toilet paper did not suffer an Eighth Amendment violation.  *Dye v. Lomen*, 40 Fed. App'x 993, 995, 997 (7th Cir. 2002) (plaintiff was without toilet paper for two to three days, but the court found no constitutional violation); *Harris v. Flemming*, 839 F.3d 1232, 1234–36 (7th Cir. 1988) (plaintiff's lack of toilet paper, among other unpleasant conditions, for five days, was not cruel and unusual punishment); *see also Johnson v. Kammer*, No. 20-CV-0872-BHL, 2020 WL 6063477, at *2 (E.D. Wis. Oct. 14, 2020) ("Being without toilet paper for approximately eight-and-a-half-hours, including having to use the bathroom once without toilet paper, is not extreme.").  Therefore, seeing no error of law or fact in the court's order denying him leave to proceed on a claim related to his inability to clean himself with toilet paper after using the bathroom, the court will deny Johnson's motion.

ORDER

IT IS ORDERED that plaintiff Dontre Johnson's motion to alter or amend (dkt. #19) is DENIED.

Entered this 14th day of June, 2021.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge